■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL BOLAND, Appellant.— Order unanimously affirmed. Memorandum: The stenographer's minutes which were before the court in this proceeding show that when defendant appeared before the Onondaga County Judge for arraignment, the District Attorney twice told him that he was entitled to be represented by an attorney at all stages of the proceeding, and twice asked him if he desired to have an attorney to represent him. Defendant answered "No" to the questions and said "I don't want any". The right of an accused to be informed of his right to counsel and to be asked if he desires the aid of counsel invokes the protection of the trial court, which can best be assured when the Trial Judge himself states the information and asks the question. In our opinion, such is the better practice and should be followed in the future. Although the Judge in this case did not personally inform defendant of his right to counsel or ask if he desired the aid of counsel, the record clearly shows that defendant acted understandingly, competently and intelligently in declining the aid of counsel, and that the require-

ments of section 6 of article I of the Constitution of the State of New York and section 308 of the Code of Criminal Procedure were sufficiently complied with. (Appeal from order of Onondaga County Court denying without a hearing petitioner's application for writ of error *coram nobis*.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.